UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| EDITH MCDUFFY | CIVIL ACTION NO. 25-cv-949 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| UNITED STATES FIRE INSURANCE CO | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Edith McDuffy ("Plaintiff"), a citizen of Louisiana, filed this action in state court against United States Fire Insurance Company ("Defendant"), a citizen of Delaware and New Jersey. Defendant removed the case based on an assertion of diversity jurisdiction despite Plaintiff's allegation in her petition that the amount in controversy does not exceed $75,000. This order is entered to provide a procedure to efficiently resolve the court's subject matter jurisdiction, which must always be assessed even if no party challenges it.

Plaintiff alleged in her petition that she was acting in the course and scope of her employment as a delivery driver for DoorDash when a large dog ran out of a residence and pounced into her, causing her to fall. Plaintiff alleged that the occupational accident caused her to suffer severe and disabling injuries to her right arm, right wrist, and right hand. She alleged that she required and requires significant medical treatment and continues to be disabled from working due to the injuries.

Plaintiff alleged that she filed an insurance claim with Defendant for medical benefits, wage indemnity benefits, and temporary total disability benefits. Defendant denied the claim. Plaintiff seeks an award of all benefits due under the policy and, based

on Louisiana statutory law, penalties and attorney's fees. Plaintiff alleged in paragraph 13 of her petition that her damages exceed $50,000 but do not exceed $75,000, exclusive of interest, costs, and attorney's fees. The reference to $50,000 is likely based on the prior amount required to obtain a jury trial in state court. The amount was reduced to $10,000 in 2021. La. C.C.P. Art. 1732.

Defendant removed the case despite Plaintiff's assertion that her damages do not exceed $75,000. Defendant's notice of removal points to the allegations with respect to damages and notes that statutory penalties and attorney's fees under Louisiana insurance statutes are included in the amount in controversy for the purposes of determining subject matter jurisdiction. St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998); Wright Family Investments, LLC v. Jordan Carriers, Inc., 2012 WL 2457664, *4 (W.D. La. 2012).

A plaintiff may avoid removal by tailoring her petition to preclude federal jurisdiction, including pleading damages below the jurisdictional threshold. Louisiana law generally prohibits pleading a specific amount of damages, so a Louisiana plaintiff who wishes to remain in state court and comply with the state rules of civil procedure must file "a binding stipulation or affidavit" with the state court petition that establishes to a legal certainty that the claim is really for less than the jurisdictional amount. Cat 5 Pro LLC v. State Farm Fire & Cas. Co., 2024 WL 58180, *2 (W.D. La. 2024), citing De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). The filing must be made with the state court petition. A post-removal stipulation or affidavit cannot defeat removal unless the basis for jurisdiction was ambiguous at the time of the removal and the post-removal filing

provides facts that clarify that ambiguity.  Id.; Robinson v. Eldorado Resorts Inc., 2021 WL 1035109, *3 (W.D. La. 2021).

With these rules in mind, Plaintiff is allowed until **August 1, 2025** to file a motion to remand if she wishes to challenge the removal based on the amount in controversy (or otherwise).  If Plaintiff does not file a motion to remand by the deadline, the court will likely make a preliminary determination, based on the allegations in the petition and information in the notice of removal, that an adequate showing has been made that the amount in controversy does exceed the requisite jurisdictional amount.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 21st day of July, 2025.

_____
Mark L. Hornsby
U.S. Magistrate Judge